IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN CARIDAD,

       Plaintiff,                      No. 2: 13-cv-0283 AC P

    vs.

BRYAN NELSON, et al.,

       Defendants.             <u>ORDER</u>

_____/

        Plaintiff, proceeding pro se, is currently housed at the Sacramento County Main Jail. He purportedly seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 4.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, it does not appear that plaintiff has used the appropriate vehicle by which to proceed. Moreover, because the court concludes that this action must be summarily dismissed, the court will not assess the filing fee for a civil rights complaint.

        The court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

1           Plaintiff's original complaint has been superseded by a first amended complaint.
2  By review of plaintiff's attached exhibits (because he fails to plainly articulate his custody status
3  within his allegations), it appears that plaintiff has been subject to treatment as a mentally
4  disordered offender at Patton State Hospital either as a condition of his parole or as a person
5  civilly committed by the state Department of Mental Health.  Plaintiff alleges that his lawyer,
6  evidently defendant Deputy Public Defender Kenneth Rosenfeld, "railroaded" him into signing a
7  waiver on July 7, 2009 that extended his commitment.  In his first amended complaint, plaintiff
8  seeks relief in the form of an immediate release "without restrictions."  Plaintiff makes unclear
9  references to a Marsden hearing and to having been "misled" about a jury trial.  Plaintiff then
10 goes on to allege that he has an appeal pending but it is not clear what the subject of the appeal is
11 and in what court it is pending.  Plaintiff makes no allegations as far as the court can discern
12 against the other named defendant, Bryan Nelson.  ECF No. 9 at 2-3, 8, 15-16.
13          By seeking release from custody, plaintiff seeks a form of relief not available by
14 way of an action pursuant to § 1983.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983.  *Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus*, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

20 Muhammad v. Close, 540 U.S.749, 750 (2004) (per curiam) (emphasis added).  Plaintiff may
21 only seek a release from custody by way of a petition brought pursuant to 28 U.S.C. § 2254.
22          In addition, plaintiff's filing violates Rule 8 of the Federal Rules of Civil
23 Procedure.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims
24 against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Plaintiff has failed
25 altogether to make any allegations against one named defendant and has not lucidly set forth his
26 claim against the other. In addition to requiring that plaintiff set forth "a short and plain

3

statement" of his claim showing him to be entitled to relief, plaintiff must also provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). Plaintiff fails to do either. Plaintiff has also violated E.D. Local Rule 220 by filing, subsequent to the filing of his first amended complaint, separate documents which he apparently seeks to be included as part of his first amended complaint. Plaintiff may not make piecemeal filings. Local Rule 220 requires that every pleading must be "complete in itself."

Moreover, it appears that plaintiff's challenge to his present custody may still be proceeding in state court. If the state proceeding concerns a criminal matter, "federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury." Younger v. Harris, 401 U.S. 37, 45-46 (1971). If plaintiff is still proceeding in state court, he also would be foreclosed from proceeding under § 2254 because his claims have evidently not been presented to the California Supreme Court. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

To the extent that plaintiff seeks to implicate his counsel by way of § 1983, plaintiff is informed that in order to state a claim under section 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the act complained of was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 27, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Public defenders do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Finally, plaintiff appears to have filed the same or very similar allegations in Case No. 13-cv-0154 EFB P. In addition to be wholly defective, therefore, this action is entirely duplicative.

"Liberality in granting a plaintiff leave to amend 'is subject to the qualification

4

that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.'" Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). Lopez v. Smith, 203 F.3d 1122, 1124 (9th Cir. 2000) ("[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend.") The denial of leave to amend is within the district court's discretion. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc). In this case, the court can discern no manner in which plaintiff could cure the defects of his allegations. This appears to be one of those relatively rare cases when to grant plaintiff further leave to amend would be patently futile.

      Accordingly, IT IS HEREBY ORDERED that, for the reasons discussed above, the first amended complaint is summarily dismissed with prejudice and the case is closed. DATED: May 20, 2013.

                                    ALLISON CLAIRE  
                                    UNITED STATES MAGISTRATE JUDGE

AC:009  
cari0283.ord